**MANDATE**

13-1602-cv
*In re Research In Motion Limited*

N.Y.S.D. Case #
11-cv-4068(RJS)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand and fourteen.

PRESENT:

    ROBERT D. SACK,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,

                      *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 11, 2014

_____

ROBERT SHEMIAN,

                      *Plaintiff-Appellant*,

LAURA PREFONTAINE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                      *Plaintiff*,

    -v.-                                        No. 13-1602-cv

RESEARCH IN MOTION LIMITED, n/k/a BLACKBERRY LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE, MIHALIS MICHAEL LAZARIDIS,[*]

                      *Defendants-Appellees*.

_____

[*] The Clerk of the Court is directed to amend the official caption to conform to the listing of the parties stated above.

1

MANDATE ISSUED ON 07/11/2014

| | |
|---|---|
| 1<br>2 | DAVID A.P. BROWER, Brower Piven, New York, NY, *for Plaintiff-Appellant*. |
| 3<br>4<br>5 | SCOTT MUSOFF (Jay B. Kasner, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendants-Appellees*. |

6   **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED**

7   that the judgment of the District Court is **AFFIRMED**.

8   Plaintiff-Appellant Robert Shemian ("Appellant") brought a putative class action lawsuit

9   against Defendants-Appellees Research In Motion Limited ("RIM"),[2] as well as James L. Balsillie,

10   RIM's Co-CEO and Co-Chairman of the Board of Directors; Mihalis "Michael" Lazaridis, RIM's

11   Founder, President, Co-CEO, and Co-Chairman of the Board; and Brian Bidulka, RIM's CFO

12   (collectively, the "Individual Defendants"), alleging violations of Sections 10(b), 20(a), and 20(b)

13   of the Securities Exchange Act of 1934. The United States District Court for the Southern District

14   of New York (Sullivan, *J.*) dismissed Appellant's complaint pursuant to Federal Rule of Civil

15   Procedure 12(b)(6) for failure to adequately allege scienter and materiality, and denied Appellant's

16   motion for leave to amend the complaint. We assume the parties' familiarity with the underlying

17   facts and procedural history of the case, and with the issues on appeal.

18   We review *de novo* a district court's dismissal for failure to state a claim, assuming all well-

19   pleaded factual allegations to be true. *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103-

20   04 (2d Cir. 2009). "Any complaint alleging securities fraud must satisfy the heightened pleading

21   requirements of the [Private Securities Litigation Reform Act ("PSLRA")] and [Federal Rule of

---

[2] After this suit was filed, RIM changed its name to Blackberry Limited. We continue to refer to the company as RIM for purposes of this decision.

1    Civil Procedure] 9(b) by stating with particularity the circumstances constituting fraud." *ECA &*

2    *Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d

3    Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319-20 (2007)). While

4    "we normally draw reasonable inferences in the non-movant's favor on a motion to dismiss, the

5    PSLRA establishes a more stringent rule for inferences involving scienter because the PSLRA

6    requires particular allegations giving rise to a strong inference of scienter." *Id.* (internal quotation

7    marks and brackets omitted).

8    **I. Section 10(b) Claim**

9    Under Section 10(b) of the Securities Exchange Act of 1934, it is illegal "for any person,

10   directly or indirectly . . . [t]o use or employ, in connection with the purchase or sale of any

11   security . . . any manipulative or deceptive device or contrivance in contravention of [the] rules and

12   regulations" that the SEC prescribes. 15 U.S.C. § 78j. SEC Rule 10b-5, promulgated under Section

13   10(b), prohibits "mak[ing] any untrue statement of a material fact or [omitting] to state a material

14   fact necessary in order to make the statements made, in light of the circumstances under which they

15   were made, not misleading." 17 C.F.R. § 240.10b-5(b). "To state a claim under § 10(b) of the

16   Securities Exchange Act or Rule 10b-5, a plaintiff must plead that the defendant (1) made a false

17   material representation or omitted a material fact, (2) with scienter, and (3) that the plaintiff's

18   reliance on defendant's action caused plaintiff injury." *Starr ex rel. Estate of Sampson v. Georgeson*

19   *S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005). Further, "[f]or an omission to be actionable, the

20   securities laws must impose a duty to disclose the omitted information." *Resnik v. Swartz*, 303 F.3d

21   147, 154 (2d Cir. 2002). Appellant principally argues that the district court erred in dismissing his

3

Section 10(b) claim for failure to plead scienter and materiality adequately.  We conclude that the district court correctly dismissed this claim.[3]

### A. Scienter

"The requisite state of mind in a section 10(b) and Rule 10b-5 action is an intent to deceive, manipulate, or defraud."  *ECA*, 553 F.3d at 198 (internal quotation marks omitted).  "[S]cienter can be established by alleging facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness.  *Id.*  Appellant must make out a strong inference of scienter, and "[t]o qualify as 'strong' within the intendment of [the PSLRA], . . . an inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs*, 551 U.S. at 314.

"[T]o raise a strong inference of scienter through 'motive and opportunity' to defraud, [plaintiff] must allege that [defendant] or its officers benefitted in some concrete and personal way from the purported fraud."  *ECA*, 553 F.3d at 198 (internal quotation marks omitted).  It is not sufficient, however, "to allege goals that are possessed by virtually all corporate insiders, such as the desire to . . . sustain the appearance of corporate profitability or the success of an investment, or the desire to maintain a high stock price in order to increase executive compensation."  *S. Cherry St.*, 573 F.3d at 109 (internal quotation marks omitted).

---

[3] Because we affirm the district court's dismissal of Appellant's Section 10(b) claim, we also affirm the dismissal of Appellant's claims under Sections 20(a) and (b) because those claims rely on a primary violation of the securities laws.  *See* 15 U.S.C. § 78t(a), (b); *ATSI Commc'ns, Inc. v. Schaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

Here, Appellant alleged that the Individual Defendants were "motivated by various financial incentives benefitting them personally to make the materially false and misleading statements about RIM." In particular, Appellant asserts that the Individual Defendants sought to increase "the amount of the target annual incentive awards for each of the Co-CEOs." These types of incentives, however, are precisely those "possessed by virtually all corporate insiders," *S. Cherry St.*, 573 F.3d at 109, and are not sufficient to plead scienter through motive and opportunity.

Appellant also alleges, on the basis of statements from confidential informants, along with inferences based on the Individual Defendants' respective corporate positions at RIM and their exposure to "facts critical to the company's core operations or core products," that the Individual Defendants were reckless in their disclosures. "To plead recklessness through circumstantial evidence, Plaintiffs . . . have to show, at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *ECA*, 553 F.3d at 202-03 (internal quotation marks omitted). The district court properly concluded that Appellant's allegations of recklessness are insufficient under this standard. The complaint does not allege any specific facts giving rise to the inference that the Individual Defendants knew, when speaking, that their statements regarding product quality and release deadlines were false. *See Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) ("[S]ecurities fraud claims typically have sufficed to state a claim based on recklessness when they have specifically alleged defendants' knowledge of facts or access to information contradicting their public statements."). In light of the company's alleged history of delays, bugs, and setbacks, the defendants' projections may have been

5

1    unduly optimistic and even negligent.  But negligence alone is insufficient to demonstrate the

2    extreme departure from standards of ordinary care necessary to show recklessness.  *See S. Cherry*

3    *St.*, 573 F.3d at 109 (recklessness requires a "state of mind approximating actual intent, and not

4    merely a heightened form of negligence").  We therefore conclude that Appellant has not pleaded

5    facts sufficient to give rise to an inference of scienter that is "at least as compelling as any opposing

6    inference of nonfraudulent intent," *Tellabs*, 551 U.S. at 314, and we therefore affirm the district

7    court's dismissal of Appellant's complaint.

8        ***B. Materiality***

9        We also affirm on the basis that Appellant's complaint does not sufficiently allege

10   materiality.  Rule 10b-5 renders it illegal for any individual "to omit to state a material fact

11   necessary in order to make the statements made, in light of the circumstances under which they were

12   made, not misleading." 17 C.F.R. § 240.10b-5(b).  "For an omission to be actionable, the securities

13   laws must impose a duty to disclose the omitted information," *Resnik*, 303 F.3d at 154, and there

14   must be "a substantial likelihood that a reasonable person would consider [the information]

15   important" when making investment decisions, *Operating Local 649 Annuity Trust Fund v. Smith*

16   *Barney Fund Mgmt. LLC*, 595 F.3d 86, 92-93 (2d Cir. 2010).  "It is not sufficient to allege that the

17   investor might have considered the misrepresentation or omission important." *Ganino v. Citizens*

18   *Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000).  The district court correctly concluded that the

19   statements highlighted by Appellant are, at most, "puffery" and therefore are not actionable under

20   the securities laws.  *See ECA*, 553 F.3d at 206.  As for the omissions, we conclude that they were

6

1  not material in light of the "total mix of information" available. *See In re Time Warner Sec. Litig.*,

2  9 F.3d 259, 267 (2d Cir. 1993) (concluding that information was not material when "the attributed

3  public statements lack the sort of definite positive projections that might require later correction").

4  We therefore affirm the district court's dismissal of Appellant's complaint.[4]

**II. Leave to Amend**

6  Appellant also appeals from the district court's denial of his motion for leave to amend the

7  complaint. "We review a district court's denial of leave to amend for abuse of discretion, unless the

8  denial was based on an interpretation of law, such as futility, in which case we review that legal

9  conclusion *de novo*." *Panther Partners v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

10 While courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), we

11 conclude that the district court did not err in denying Appellant leave to amend. Because "an

12 amendment is not warranted absent some indication as to what appellants might add to their

13 complaint in order to make it viable," a district court is "under no obligation to provide [plaintiffs]

14 with leave to amend their complaint" when they do not so indicate. *Horoshko v. Citibank, N.A.*, 373

15 F.3d 248, 249 (2d Cir. 2004) (per curiam) (internal quotation marks and brackets omitted); *see also*

---

[4] Appellant contends that Item 303, 17 C.F.R. § 229.303(a)(3)(ii), provides a cause of action that extends to RIM, a foreign private issuer, regarding alleged failures to disclose "known trends or uncertainties" that may have a material negative effect on revenues. *See Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 716 (2d Cir. 2011) ("The SEC's interpretive release regarding Item 303 clarifies that the Regulation imposes a disclosure duty where a trend, demand, commitment, event or uncertainty is both [1] presently known to management and [2] reasonably likely to have material effects on the registrant's financial condition or results of operations." (internal quotation marks omitted)). We need not address this issue because Appellant has not adequately alleged an actionable trend under Item 303, in light of the disclosures RIM made and other information that the complaint admits was available to investors during the class period.

7

*City of Pontiac Policemen's & Fireman's Ret. Sys. v. UBS AG*, No. 12-4355-cv, 2014 WL 1778041, at *8 & n.71 (2d Cir. May 6, 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories – either on appeal or to the District Court – they might assert if given leave to amend"). In this case, four different complaints had been filed prior to the ruling on the motion to dismiss, including Appellant's Consolidated Amended Class Action Complaint, and Appellant did not inform the district court of the content of his amended complaint or argue on appeal as to how it would overcome the deficiencies identified herein. Accordingly, we affirm the district court's denial of leave to amend.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the March 29, 2013, judgment and order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit